Commonwealth *v.* Maurer et al., Appellants.

Submitted December 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ernest Kardas* and *David E. Auerbach,* Assistant Public Defenders, and *Kenneth P. Barrow,* Public Defender, for appellants.

*Vram Nedurian, Jr.,* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 22, 1976:

Appellants contend that the Commonwealth failed to prove constructive possession; and that, therefore, the evidence was insufficient to convict them of possession of a controlled substance[1] and possession with intent to deliver.[2]

Four Pennsylvania State Troopers, a State Narcotics Bureau agent, and five officers from the Sharon Hill Borough Police Department executed a search warrant for a second floor, one bedroom apartment at 421 Sharon Avenue, Sharon Hill Borough, Delaware County, on November 16, 1973, at approximately 6:30 p.m. The officers found two brown bags containing 201 pills secreted in a sugar cannister in the kitchen, 90 small tablets wrapped in a napkin hidden in a silver separater under a room divider between the livingroom and the kitchen, 12 tablets and capsules wrapped in a napkin in a dish on a television stand in the livingroom, and a brown bag containing 39 packages of various controlled substances tucked under a couch in the livingroom. No drugs were found in the personal possession or among personal effects of either appellant. Appellants were arrested and charged with possession, possession with intent to deliver, and conspiracy.

At trial on June 3 and 4, 1974, the following facts were established. Trooper Lee Wiseman testified that he was one of the officers searching the premises, that only appellants Charles Lauber and Elizabeth Maurer and Maurer's thirteen year old son were present at the time of the search, and that Elizabeth Maurer's mother, Mary Sweeney, was named in the warrant as lessee of the

---

1. Uniform Controlled Substance, Drug, Device and Cosmetic Act, April 14, 1972, P.L. 233, No. 64, §13; as amended October 26, 1972, P.L. 1048, No. 263, §1; 35 P.S. §780-113(a)(16). Amended subsequent to arrest, December 30, 1974, P.L. 1041, No. 340, §1.

2. Uniform Controlled Substance, Drug, Device and Cosmetic Act, supra, 35 P.S. §780-113(a)(30).

apartment. Officer James Wingenden of the Sharon Hill Police Department then testified that he knew that appellants lived at the raided premises, but he did not explain how he knew this fact.

Appellants' counsel objected to this unsupported conclusion on the part of the witness.[3] Officer Wingenden testified that he was not a neighbor and did not know the appellants socially. Officer Ray Cain then testified that he also knew that appellants lived in the Sharon Avenue apartment. The basis for this conclusion was likewise not established, and appellants' counsel objected to the officer's conclusory statement. Officer Wingenden conceeded on cross-examination that other persons might have been present at the apartment at some time during the raid and that he had seen Mary Sweeney, the lessee, occasionally entering and leaving. On re-direct, he testified that both men's and women's clothing were seen in the bedroom. On re-cross examination he admitted that he had no idea whether the clothing would fit either of the appellants. Trooper Thomas Stern corroborated the fact that both men's and women's clothing were seen in the apartment, but did not state whether the appellants were the owners.

After testimony by a state chemist established the type and quantity of the controlled substances, and testimony by a detective assigned to the district attorney's office established a complete chain of custody, appellants demurred to the evidence. The court sustained

---

3. At sidebar, the District Attorney told the court and defense counsel that the basis for the officers' conclusion that appellants lived at the Sharon Avenue residence was that they had been previously arrested at this address. It was the District Attorney's opinion that it would be reversible error for him to solicit testimony regarding prior arrests. This question is not before us, but even if this testimony had been admitted, it would add nothing to the fact that appellants had been present at the Sharon Avenue residence on one or more prior occasions, a fact not disputed, but not probative of appellants' true residence or of exclusive dominion over the premises.

a demurrer to the conspiracy charge, but denied the demurrer to the charges of possession and possession with intent to deliver. The defense called only one witness, appellant Maurer's sister, Dolores Dippel, who testified that on the night of the raid she and her two children were present in the apartment and that her sister, mother and nephew were the only persons living at the Sharon Avenue residence. She repeatedly denied that appellant Lauber lived at the raided premises.

At the conclusion of Mrs. Dippel's testimony, the defense rested. The jury found appellants guilty of both charges. After the denial of post-verdict motions, the court sentenced appellant Lauber to serve a term of 5 to 10 years' imprisonment and sentenced appellant Maurer to serve a term of 11 1/2 to 23 months' imprisonment.

"The illegal possession of narcotic drugs is a crime which 'by its very nature is unique to the individual. By definition, the possessor is the only person who could commit this crime. Guilt by association ... is unacceptable.' *Commonwealth v. Reece*, 437 Pa. 422, 427, 263 A.2d 463, 466 (1970)." *Commonwealth v. Fortune*, 456 Pa. 365, 368, 318 A.2d 327, 328-329 (1974). See also *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A.2d 476 (1971). "When the illegal possession of contraband is charged, the evidence must establish that the appellant had a conscious dominion over the contraband. *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971)." *Commonwealth v. Fortune*, supra at 368, 318 A.2d at 328. Absent literal possession, the Commonwealth may satisfy its burden by showing joint constructive possession, which requires that the Commonwealth prove the accused had the power to control the contraband and the intent to exercise that control. *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968); *Commonwealth v. Griffin*, 230 Pa. Superior Ct. 425, 326 A.2d 554 (1974); *Commonwealth v. Updegrove*, 223 Pa. Superior Ct. 7, 296 A.2d 854 (1972). An accused's proximity to the contraband, without more, is insufficient to establish construc-

tive possession. *Commonwealth v. Davis*, supra; *Commonwealth v. Tirpak*, supra. "Undoubtedly, the fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered: 9 Wigmore on Evidence (3rd ed.) §2513. Cf. Com. v. Ault, 10 Pa. Superior Ct. 651." *Commonwealth v. Davis*, supra at 16, 280 A.2d at 121, quoting *Commonwealth v. Kaufman*, 155 Pa. Superior Ct. 347, 351, 38 A.2d 425, 427 (1944). See also *Commonwealth v. Schulhoff*, 218 Pa. Superior Ct. 209, 275 A.2d 835 (1971).

Evaluating the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Fortune*, supra, we find that the Commonwealth proved appellants' presence at the scene of the raid and, thus, their proximity to the contraband. The contraband was not in plain view. It is undisputed that neither appellant is the lessee and that appellant Maurer and her son lived at the apartment. Beyond this, the Commonwealth's evidence is legally insufficient. No evidence linking the clothes in the apartment to appellants was ever introduced. Nothing more than the conclusory statements of the arresting officers was offered to show appellants were in exclusive control of the premises. None of the indicia of control were introduced, e.g., deeds, leases, telephone or utility bills, rent receipts. See *Commonwealth v. Davis*, supra at 16, 280 A.2d at 121. The fatal flaw in the evidence of appellant Maurer's guilt is that Maurer's mother and son had equal access to the places where contraband was found. There is, therefore, not sufficient evidence for the jury to find that Maurer exercised dominion over the contraband. The evidence of appellant Lauber's guilt is even less persuasive. Nothing introduced by the Commonwealth, except the conclusory statements of the officers, established that Lauber was anything more than a guest. He, therefore, cannot be charged with the knowledge of the location of the contraband essential to the proof of intent to exercise control. Neither could the

jury reasonably infer from his presence dominion over the contraband. The Commonwealth has established mere presence on the part of Lauber. We, therefore, conclude that the verdict could only rest on conjecture.[4]

We reverse the judgment of sentence and order appellants discharged.

JACOBS and VAN DER VOORT, JJ., dissent as to appellant Maurer.

---

4. Appellants contend, also, that the jury verdict rested, in part, on evidence not introduced at trial. The evidence complained of was a notation on one of the bags found in the apartment indicating the value of the drugs at $100,000. No testimony at trial established the value of the drugs. Because we hold the evidence of possession to be insufficient, it is unnecessary to consider appellants' assertion of trial error.