Commonwealth, Appellant, *v.* Cash.

Argued November 25, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles W. Johns*, Assistant District Attorney, with him *Robert L. Eberhardt*, Assistant District Attorney, *John M. Tighe*, First Assistant District Attorney, and *John J. Hickton*, District Attorney, for Commonwealth, appellant.

*Michael R. Kelly*, with him *Morris F. Cohen*, for appellee.

OPINION BY VAN DER VOORT, J., April 22, 1976:

In this action the Commonwealth appeals from an Order of the lower court granting a post-trial motion in

arrest of judgment. Such motion was filed by the appellee, Ruth Cash, following her conviction by a jury, on charges of possession and possession with intent to deliver a controlled substance. The Commonwealth contends that the court erred in arresting judgment.

In an appeal by the Commonwealth from the grant of a motion in arrest of judgment, following a finding of guilt on the charges by a jury, we must determine whether the evidence offered by the Commonwealth, at trial, was sufficient to support the jury's verdict. *Commonwealth v. Froelich*, 458 Pa. 104, 326 A.2d 364 (1974). We review the evidence in these circumstances in a light most favorable to the Commonwealth. *Commonwealth v. Blevins*, 453 Pa. 481, 483, 309 A.2d 421 (1973). To sustain the lower court, we must find that accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed the jury could properly have based its verdict, it would be nonetheless insufficient in law to find beyond a reasonable doubt that the appellee is guilty of the crime charged. *Commonwealth v. Williams*, 455 Pa. 539, 547, 316 A.2d 888 (1974).

When the defendant is charged with illegal possession of contraband, the evidence must show that appellant had a conscious dominion over the contraband. *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971). "Guilt by association … is unacceptable." *Commonwealth v. Fortune*, 456 Pa. 365, 368, 318 A.2d 327 (1974); *Commonwealth v. Reece*, 437 Pa. 422, 427, 263 A.2d 463, 466 (1970). We must be mindful that mere presence of one person, among a group at a scene of contraband, is not a strong factor indicative of guilt. (*Commonwealth v. Tirpak*, 441 Pa. 534, 272 A.2d 476 (1971)); *Commonwealth v. Reece, supra.* Also, access by others to the place where the prohibited substance or property was found is a factor for consideration. However, in each case involving charges of possession of narcotic drugs, we must examine all facts carefully, since the crime charged

"...by its very nature is unique to the individual." *Commonwealth v. Ferguson*, 231 Pa. Superior Ct. 327, 331 A.2d 856 (1974); *Commonwealth v. Hannan*, 229 Pa. Superior Ct. 540, 331 A.2d 503 (1974). In "constructive possession" cases the critical determination of dominion is whether the person charged had the power and intent to exercise control over the contraband. *Commonwealth v. Carter*, 230 Pa. Superior Ct. 236, 326 A.2d 480 (1974); *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971); *Commonwealth v. Griffin*, 230 Pa. Superior Ct. 425, 326 A.2d 554 (1974). Evaluating all of these considerations in the instant case, we conclude that the jury verdict was supported by sufficient evidence of guilt in the instant case and it was error to grant the appellee's motion in arrest of judgment.

Our review of the record shows a coalescence of many factors to evidence the guilt of the appellee. On April 10, 1974, officers of the Pittsburgh Police, possessed of a search warrant, gained entry to the one-bedroom apartment of Calvin Cash. The appellee was alone in the premises. During the ensuing search the appellee became hysterical and had a physical confrontation with the police; during this time she also made an unsuccessful attempt to flee. During the course of the search, the police discovered a large quantity[1] of marijuana and heroin in a bedroom closet (the only closet in the apartment) together with assorted paraphernalia frequently associated with the illicit sale of drugs.[2] In the same closet, and next to the various containers of drugs, police found both men's and women's clothing. Along with the lady's clothing, several items of female jewelry were in the same closet. Female clothing was found in

---

1. The evidence showed the heroin, valued by an expert at $200,000.00 was sufficient to constitute almost twenty thousand doses or "hits."

2. Such paraphernalia included plastic bags, glassine bags, a scale, and a blender, all bearing a residue of drugs.

other parts of the apartment and particles of drug matter were discovered in other parts of the apartment.

The appellee had contended at a suppression hearing prior to trial, and again at her trial, that her name was not Ruth Cash, that she did not reside in the apartment or have clothing there, and that she only dated Calvin Cash and visited his apartment on infrequent occasions. She further testified she was only visiting on the night of the search.

The Commonwealth's strongest evidence was offered in rebuttal to such contentions. An undercover officer testified he had visited the apartment only ten days prior to the search and made a purchase of marijuana from Calvin Cash in the presence of appellee. Appellee, at this time, furnished the undercover officer, his police-informant companion, and Calvin Cash with glasses to drink wine. After the purchase, the informant stated a desire to roll a marijuana cigarette and the appellee furnished him with cigarette rolling paper to accomplish his task. On this occasion, Calvin Cash introduced the appellee as "my old lady"; he did not refer to her by name. However, others clearly identified her by that name. The custodians for the building testified that appellee had signed the apartment lease by the name "Ruth Ann Cash." She was seen on a daily basis in the apartment building by such witnesses, who knew her by that name. She had, to their knowledge, hung curtains in the apartment and possessed keys to it. Moreover, appellee signed a receipt for confiscated property and her bail papers with the name Ruth Cash. While searching the apartment, the police saw various documents, including telephone bills, indicating Ruth Cash resided in the apartment. Subsequent to her arrest, the appellee returned to the apartment and removed clothing and stereo equipment. While appellee denied living in the apartment or knowing of the women's clothes found there, the jury heard evidence that just after the search, the appellee visited the bedroom and

exchanged her blouse with one from the bedroom prior to being taken to a police station.

Thus, the evidence before the jury indicated strongly that the appellee was untruthful in her assertions that she was not known as Ruth Cash and did not reside in the apartment. Second, the jury was aware that there was evidence that her clothing and jewelry was found in the same place where a *great* quantity of drugs was kept. In addition, the evidence was presented that appellee had been present at the time of a drug sale only days before the search and herself possessed cigarette papers, which she provided to another for the purpose of rolling a marijuana cigarette. This provided strong evidence of the knowledge element of the crime charged. Besides Calvin Cash and the appellee, no others were known to have access to the one bedroom-one closet apartment, which was in a "security type" building with locks on outer doors as well as all apartment doors.

Based upon all of these factors, we believe the evidence was more than sufficient to support the verdict of the jury. Knowledge of the presence of the contraband and intent to exercise control can be inferred from the totality of the circumstances presented, and even mere presence is certainly a factor. *Commonwealth v. Carter, supra;* see also the dicta of the Court in *Commonwealth v. Davis, supra,* 444 Pa. at 16. Even if others may have access to the place where drugs are found, it is significant if the accused has a more private access to the storage area. *Commonwealth v. Ferguson, supra.* This is especially true where the drugs are found in a close proximity to the defendant's personal effects. *Commonwealth v. Updegrove,* 223 Pa. Superior Ct. 7, 296 A.2d 854 (1972). In *Commonwealth v. Hannan, supra,* the majority of our Court found that evidence of possession was insufficient as to drugs found in an area accessible to residents, boarders, and attendees at a party which preceded the search. However, we did uphold conviction on charges based upon drugs found in the defendant's

bedroom, because knowledge and control could be inferred from the lack of access by others to that storage place, in a private part of the residence. We find the same rationale applicable here.

The Order of the lower court is reversed, the jury verdict reinstated, and the case is remanded for imposition of sentence.

WATKINS, P.J., and HOFFMAN and SPAETH, JJ., concur in the result.