**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jerome GILCHRIST.**

Superior Court of Pennsylvania.

Submitted Sept. 19, 1977.

Decided May 23, 1978.

Eric B. Henson and Michael R. Stiles, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellant.

254

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellee-defendant was convicted of knowingly possessing a controlled substance,[1] manufacturing with intent to deliver a controlled substance[2] and criminal conspiracy[3] in a non-jury trial on October 25, 1976. On December 22, 1976, post-verdict motions were argued. Defendant's Motion In Arrest of Judgment was granted, and it is the subject of this appeal by the Commonwealth. The argument presented by the Commonwealth is that the evidence presented at trial was clearly sufficient to prove defendant's joint constructive possession of contraband.

■ The Commonwealth in order to prove joint constructive possession had to prove; 1) the power to control and, 2) the intent to exercise joint control on the part of the appellee. *See Commonwealth v. Samuels,* 235 Pa.Super. 192, 340 A.2d 880 (1975). These elements can be inferred from the totality of the circumstances; even mere presence is a factor. *Commonwealth v. Cash,* 240 Pa.Super. 123, 367 A.2d 726 (1976).

In the instant case, the Commonwealth established that the Appellee resided in the apartment with his wife and children. He was present in the apartment at the time of the search. The contraband was found in plain view in a

1. Act of April 14, 1972, P.L. 233, No. 64 § 13, *as amended;* 35 P.S. § 780–113 et seq., (Supp.1976–77).

2. Act of April 14, 1972, P.L. 233, No. 64 § 13, *as amended;* 35 P.S. § 780–113 et seq., (Supp.1976–77).

3. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 C.P.S.A. § 903 (1973).

box on the mantle in the bedroom, and also in dresser drawers, which contained men and women's clothing. Appellee had easy access to the contraband. Before going with the police, appellee put on clothes which he secured from the bedroom. Mail, delivered to him at the Chelten Avenue address, was also found in the bedroom. The correspondence represented Internal Revenue and bank mail which lends an indicia of reliability to the address given. These circumstances meet the standards of *Cash, Samuels,* and *Commonwealth v. Maurer,* 240 Pa.Super. 471, 361 A.2d 356 (1976) and establish that appellee was more than a mere guest in the apartment. "An accused may be charged with the knowledge of the location of the contraband, which is essential to the proof of an intent to exercise control, if the contraband is found in places peculiarly within the control of the accused." *See Maurer* and *Commonwealth v. DeCampli,* 243 Pa.Super. 69, 364 A.2d 454 (1976). In *Maurer* and *DeCampli,* this court indicated that a bedroom, and in particular the dresser in it, is a more private place with limited access and usually subject to the exclusive control of the owner or lessee of the premises.

The Commonwealth was not bound to prove that appellee exerted more control over the premises than his wife, but rather, that he exerted joint control, and had equal access both to the apartment and the contraband. *See Commonwealth v. Chenet,* 237 Pa.Super. 226, 352 A.2d 502 (1975). The evidence was sufficient to prove joint constructive possession, and appellee's Motion In Arrest of Judgment should have been denied.

The order arresting the Judgment is reversed and the appellee-defendant is directed to appear for sentencing at such time as the lower court shall determine.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.