487 A.2d 915

**COMMONWEALTH of Pennsylvania**

v.

**Edward Michael KEEFER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1984.

Filed Jan. 18, 1985.

---

Francis M. Socha, Assistant Public Defender, Harrisburg, for appellant.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before SPAETH, President Judge, and CIRILLO and CERCONE, JJ.

CERCONE, Judge:

After a non-jury trial, Edward Michael Keefer, and a co-defendant were convicted of criminal conspiracy (18 Pa. C.S.A. § 903), possession of methamphetamine and possession with intent to deliver methamphetamine, a Schedule III drug. (35 Pa.C.S.A. § 780–113(a)(16) and (30)). On June 1, 1983, Keefer was sentenced to a period of incarceration of from two (2) to four (4) years.[1]

Appellant argues that the omission of two identifying receipts from the inventory compiled by troopers following the instant search in violation of Pa.R.Crim.P. 2009 should have resulted in their suppression. Additionally, he argues the insufficiency of the evidence to convict him of all of the charges.

Because Rule 2009 does not state a remedy for its violation and because it does not rise to the level of a constitutional rights deprivation, we affirm the trial court's admission of the omitted receipts. *Commonwealth v. De-George*, 319 Pa.Superior Ct. 244, 466 A.2d 140 (1983).

In reviewing a case where the sufficiency of the evidence produced is contested, the test is:

"whether accepting as true all of the evidence reviewed in the light most favorable to the Commonwealth, together with all reasonable inferences therefrom, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt."

1. The Sentencing Court apparently merged the convictions for purposes of sentencing.

*Commonwealth v. Macolino,* 503 Pa. 201, 205, 469 A.2d 132, 134 (1983).

This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. *Commonwealth v. Sullivan,* 472 Pa. 129, 150, 371 A.2d 468, 478 (1977).

Regarded in the light most favorable to the Commonwealth, the evidence presented at appellant's trial may be summarized briefly. On May 19, 1982, at approximately 2:45 p.m., State troopers executed a search warrant at 3529 Brisbain Street in Paxtang, a northern suburb of Harrisburg. The affidavit alleged that forty-eight hours prior to the warrant's issuance, a controlled purchase of methamphetamine was made from appellant within the premises to be searched, a two bedroom, one-floor apartment. The troopers found appellant bathing in the bathroom. He was the only person in the apartment, although it was leased to co-defendant Colleen McMullan and one Beth Rhone. Appellant was ordered out of the tub and directed to dress. He proceeded into an adjoining bedroom where he took trousers off the bed and a shirt from the closet doorknob.

Pursuant to the warrant, police seized eighteen packets of methamphetamine and three syringes containing said drug from the bed on which appellant's trousers had lain. Two briefcases were found in the bedroom. The black one which appellant opened voluntarily contained a valium prescription bearing appellant's name, syringes, marijuana, identification of appellant, and appellant's wallet. The green one was unlocked and contained scales, eleven small glassine packets, baggies and a money order indicating appellant as the maker. A receipt from Western Union containing appellant's name and an address showing the searched premises as his address was found on a dresser in the same bedroom. (It was these two receipts which were the subject of appellant's first argument.) During the search, appellant gave his address as Susquehanna Street.

As the search continued, appellant's co-defendant McMullan, arrived home. One of the troopers noticed a bulge in her pocket and he asked her to produce what caused it. A box with 19 packets of methamphetamine, packaged substantially in the same way as the twenty-nine recovered from the bedroom, was recovered from her.

One of the troopers who searched the apartment stated that the room into which appellant went contained men's clothing, and that the other bedroom was apparently shared by the two lessees.

The Commonwealth relied on a theory of constructive possession to substantiate the drug charges. Constructive possession is the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control. *Commonwealth v. Chenet*, 473 Pa. 181, 184, 373 A.2d 1107, 1108 (1977). The intent may be inferred from the totality of the circumstances. *Commonwealth v. Cash*, 240 Pa.Superior Ct. 123, 128, 367 A.2d 726, 729 (1976).

Appellant argues that the Commonwealth did not meet its burden of establishing constructive possession in that it did not link appellant to the clothing found in the bedroom, nor did it in any other way establish appellant's exclusive control over the bedroom. We disagree. Evidence established that appellant went to the one bedroom which was distinguishable from the other because of the presence of male clothing; indicia of ownership were also found in that bedroom, including receipts, one with the address given as appellant's, identification, a wallet, briefcases, etc. The circumstances of the seizure of the instant drugs were sufficient to provide an inference that appellant maintained control over the bedroom in which they were seized and, thus, over the drugs.[2]

2. Our Supreme Court in *Commonwealth v. Macolino, supra,* quoted *Commonwealth v. Gilchrist,* 255 Pa.Superior Ct. 252, 386 A.2d 603 (1978) for its insight equally applicable here. The court found the fact that the drugs were found in the bedroom to be of special significance, noting that a bedroom is "a more private place with limited access and

■ As for the possession with intent to deliver conviction, appellant argues that the quantity and purity of the methamphetamine, as well as the syringes were consistent with personal use, and not delivery, of the substance. That is true. However, appellant fails to mention the other seized items which unequivocally establish more than just personal use: empty glassine baggies, numerous needles used for injecting drugs, and scales. Moreover, appellant had very recently sold the drug to a police informant. Thus, we find the evidence was sufficient on that conviction.

■ However, the conspiracy with McMullan to possess with intent to deliver conviction presents a problem. The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. *Commonwealth v. Plusquellic,* 303 Pa.Superior Ct. 1, 449 A.2d 47 (1982). In *Commonwealth v. Anderson,* 265 Pa.Superior Ct. 494, 501, 402 A.2d 546, 549 (1979), our court, per Hoffman, J., listed circumstances relevant, but insufficient alone, to establish a corrupt confederation:

(1) association between alleged conspirators; (2) knowledge of the commission of a crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy collected in *Commonwealth v. Plusquellic, supra,* 303 Pa.Super., at 5, 449 A.2d at 50.

■ In the instant case, the Commonwealth relied on the fact that both defendants were found to have similarly packaged methamphetamine in their possession. Moreover, McMullan did admit to leasing the apartment in which appellant was found and in which the drugs were found. However, other facts persuade us that the requisite confederation was not proven at trial.

The "controlled buy" information in the search warrant does not mention McMullan as being present or in any way

usually subject to the exclusive control of the owner or lessee of the premises." *Id.,* 255 Pa.Superior Ct. at 255, 386 A.2d at 605. That appellant's name was not reported by McMullan as one of the lessees does not alter this principle. (The lease was never produced at trial.)

cooperating with or facilitating appellant's activities. The drugs and paraphernalia which were found on the premises, except for those on McMullan, were located only in appellant's bedroom, and not in any common area which could give rise to an inference that appellant acted in concert with the other residents. Evidence established that McMullan occupied a different bedroom from appellant. Two parallel possession charges, rather than a conspiracy to possess with intent to deliver charge are established by the evidence. Our court refused to find a conspiracy between husband and wife in *Commonwealth v. Anderson, supra,* wherein the informant was told by appellant to hand his money to appellant's wife, appellant then retrieving the heroin and handing it to the informant in his wife's presence, and inviting the informant to come back anytime. That appellant-McMullan dwelled in the same apartment is not enough. The evidence just does not connect appellant with McMullan, and we find no corrupt confederation here.

Therefore, judgment of sentence as to criminal conspiracy vacated; as to the remaining convictions, judgment of sentence is affirmed.