497 A.2d 1371

COMMONWEALTH of Pennsylvania

v.

Kenneth S. SMITH, Appellant.

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Sept. 6, 1985.

Anthony S. Federico, Jr., Harrisburg, for appellant.

Katherene E. Holtzinger-Conner, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CAVANAUGH, CERCONE and LIPEZ, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence imposed by the Court of Common Pleas, Dauphin County. Appellant was convicted, in a bench trial, of possession with intent to deliver a controlled substance. We reverse.

The testimony disclosed that on December 14, 1982, several members of the Pennsylvania State Police served a search warrant at 216 Beaver Road, Lower Paxton Township. The probable cause for the search was a controlled purchase of marijuana made from inside the residence within the past forty-eight hours; however, the seller was unidentified. The troopers gained admittance to the home and found two individuals present, the appellant and his sister-in-law, Theresa M. Smith. The appellant resided at that address with his brother and sister-in-law.

A total of 738.7 grams or 26.38 ounces of marijuana was found on the premises as a result of the search. A large portion of the marijuana seized was packaged into smaller containers. The bulk of the marijuana was apparently found in the bedroom of the owners of the residence, Ms. Smith and her husband. A small amount of marijuana as well as related paraphernalia were found in the kitchen. A small scale was found in a closet of a spare bedroom. No

controlled substance or related paraphernalia was found on the person of appellant.

The sole issue we will address in the instant appeal is whether the evidence is sufficient to sustain appellant's conviction for possession with intent to deliver a controlled substance.

> In reviewing the sufficiency of the evidence, we must view all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as a verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt.... The proper procedure to challenge the sufficiency of the evidence is by a post-verdict motion in arrest of judgment. (citations omitted)

*Commonwealth v. Taylor*, 324 Pa.Super. 420, 424, 471 A.2d 1228, 1229–30 (1984).

 Since no controlled substance was found on the appellant, it was incumbent upon the prosecution to prove constructive possession of the controlled substance, by the accused, to justify conviction. *Commonwealth v. Stokes*, 294 Pa.Super. 529, 440 A.2d 591 (1982). Proof of constructive possession requires that one had both power to control and intent to exercise control over the narcotics. *Commonwealth v. Hoetzel*, 284 Pa.Super. 623, 426 A.2d 669 (1981).

 We find that the Commonwealth's evidence in this case was clearly insufficient to support a finding beyond a reasonable doubt that appellant had constructive possession of the marijuana. The conviction is based upon the large quantity of marijuana found in the owners' bedroom. There is not one scintilla of evidence to show that appellant had access to that marijuana. This court has frequently indicated that a bedroom is a private place with limited access and is usually subject to the exclusive control of the inhabitant of that bedroom. *See Commonwealth v. Maurer*, 240 Pa.Super. 471, 361 A.2d 356 (1976), and *Commonwealth v. DeCampli*, 243 Pa.Super. 69, 364 A.2d 454 (1976).

A closet within a bedroom is even more likely to be a private place with limited access.

The lower court reasoned that the appellant and his codefendant had equal access to the contraband and therefore were in joint constructive possession. In order to prove joint possession, the Commonwealth must prove: (1) the power to control and (2) the intent to exercise joint control on the part of the appellant. *See Commonwealth v. Gilchrist,* 255 Pa.Super. 252, 386 A.2d 603 (1978), and *Commonwealth v. Samuels,* 235 Pa.Super. 192, 340 A.2d 880 (1975). The evidence in the case *sub judice* shows nothing more than mere presence by appellant. He was neither the owner of the premises nor was he shown to have had access to a bedroom other than his own. The fact that a controlled sale had occurred at the house, without evidence that appellant participated, is inconsequential and of no inferential value. It is not a crime to live in a house where illegal activity occurs if one does not participate in such activity. *See Commonwealth v. Reece,* 437 Pa. 422, 427, 263 A.2d 463 (1970):

> [T]he element of "presence at the scene" is not of critical import in drug possession cases. Evidence of this fact is of some weight in proving substantive crimes where the inference might be drawn that the accused was in some way involved in the commission of the crime. But here, the crime which had been committed in the apartment was the possession of narcotic drugs. Reece's appearance there could in no way implicate him in that crime since such a crime by its very nature is unique to the individual. By definition, the possessor is the only person who could commit this crime. Guilt by association thus becomes the rationale of the arrest here. This is unacceptable.

The Commonwealth cites two cases in support of its claim that the evidence was sufficient to show that appellant had constructive possession of the controlled substance. They are *Commonwealth v. Macolino,* 503 Pa. 201, 469 A.2d 132 (1983), and *Commonwealth v. Gilchrist, supra.* Each of

these cases is distinguishable. In *Macolino,* the court found that constructive joint possession of the controlled substance by both husband and wife had been proven. The evidence in that case showed that both husband and wife had equal access to the bedroom closet where the substance was found. In *Gilchrist,* this court found that sufficient evidence had been proffered to show that husband and wife had equal access to contraband found on the mantle in their bedroom and in dresser drawers.

The evidence in this case is clearly insufficient to support a finding of equal access to the bedroom closet where the marijuana was located. The evidence shows nothing more than the fact that appellant also lived in the house. Accordingly, the judgment of sentence is vacated and the case is dismissed.