J-S74009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS DELGADO, | : | |
| | : | |
| Appellant | : | No. 3514 EDA 2017 |

Appeal from the Judgment of Sentence March 22, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014752-2013

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.                    Filed: January 2, 2019

Nicholas Delgado appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his conviction of possession of a firearm prohibited.[1]  After our review, we affirm.

_____

[1] 18 Pa.C.S.A. § 6105.

> **(a) Offense defined.--**
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) *shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth*.

18 Pa.C.S.A § 6105(a)(1) (emphasis added).

On October 18, 2013, Pennsylvania State Parole Agents John Collier and Darren Baker, along with members of the Philadelphia Police Department, went to Delgado's residence at 6637 Oakland Street in Philadelphia after receiving a tip[2] that Delgado, a convicted felon currently on parole, was in possession of firearms. N.T. Trial, 8/19/15, at 13. At the residence, Agent Baker and a police officer proceeded to the basement. There, they encountered Delgado and two other individuals. *Id.* at 14. Agent Baker testified that he observed two handguns in plain view on top of the clothes dryer, within arm's reach of Delgado. *Id.* at 15. The agents also found an SKS assault rifle in the garage of the home and a third handgun under Delgado's mattress in the master bedroom. *Id.* at 17-18.

Delgado waived a jury trial and was tried before the Honorable Carolyn H. Nichols.[3] At trial, Agent Collier testified that several weeks prior to the search he had been informed that Delgado was moving to 6637 Oakland Street. *Id.* at 56-58, 71. Agent Collier testified as follows:

Q: Okay. Prior to [the search on] October 18th of 2013, had you met with Mr. Delgado?

_____

[2] Agent Collier testified that the information he received from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) "was that a confidential informant had informed [ATF] that [Delgado] had firearms at the residence. N.T. Trial, 8/19/15, at 74.

[3] Judge Nichols now sits on this Court. At the time of Delgado's appeal, Judge Nichols was no longer sitting as a judge in Philadelphia County and, therefore, she did not file a trial court opinion in this case.

A: Yes. I met with him originally on October the 2nd, 2013. That was when he had – he had a previous agent, Agent Ashton, at that time. And when I met with him in the office on that day, Agent Ashton had informed me that Nicholas Delgado had moved to the area that I supervised, which was the area, you know, of his residence at that time on Oakland Street. That was the area that I supervised. You know, we go by census tracts at the Parole Board. So he had moved into my area. She introduced me to him and told him that he would be assigned to me now. At that point, I gave him reporting instructions and told him I would be out to the house to see him at some point.

Q Okay. And was the address given to you, 6637 Oakland Street?

A: Yes. Yes, it was.

*Id.* at 56. Additionally, Delgado's name was on the lease for the property. *See* Trial Exhibit D-5; N.T. Trial, *supra* at 58.

Following trial, the court convicted Delgado of possession of a firearm prohibited and sentenced him to 3½ to 8 years' incarceration. Delgado filed a timely notice of appeal and Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Delgado raises one issue for our review: "Did the court commit error by convicting appellant of possession [of] a firearm prohibited when the evidence at trial was insufficient to prove that appellant ever possessed a firearm?" Appellant's Brief, at 2.

The standard of review of a challenge to the sufficiency of the evidence follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.

- 3 -

*Commonwealth v. Gibbs*, 981 A.2d 274, 280 (Pa. Super. 2009). "[T]his Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed." *Commonwealth v. Smith*, 146 A.2d 257, 261 (Pa. Super. 2016) (citations omitted). The finder of fact is permitted to believe all, part, or none of the evidence presented at trial. *Id.* at 262.

Even though a person does not physically possess contraband, the Commonwealth may meet its burden by proving constructive possession.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004) (citations omitted). *See also Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013). Further, we have held that circumstantial evidence is reviewed by the same standard as direct evidence, and a decision by the trial court will be affirmed "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Johnson*, 818 A.2d 514, 516 (Pa. Super. 2003) (citations omitted).

While mere presence of contraband is insufficient to establish constructive possession, this Court has held that constructive possession can

be found where a defendant, who lived in the house, had both access and control of the area where the contraband was found. ***Commonwealth v. Santiesteban***, 552 A.2d 1072, 1075 (Pa. Super. 1988). Further, where a defendant's name is on the lease of the property where the contraband was found, this Court has found constructive possession. ***Commonwealth v. Parsons***, 570 A.2d 1328, 1335 (Pa. Super. 1990). Finally, and notable here, it is significant if contraband is found in a bedroom because a bedroom is a "more private place with limited access and usually subject to the exclusive control of the owner or lessee of the premises." ***Commonwealth v. Gilchrist***, 386 A.2d 603, 605 (Pa. Super. 1978).

Viewing the totality of the circumstances, the evidence was sufficient to establish constructive possession beyond a reasonable doubt. Delgado's name was on the lease of the residence, he had previously informed his parole agent that he was moving to that address, and officers found a gun in the master bedroom. ***Parsons***, ***supra***; ***Gilchrist***, ***supra***. ***See also Commonwealth v. Nelson***, 582 A.2d 1115, 1119 (Pa. Super. 1990) (holding constructive possession may be found where no individual factor establishes possession but totality of circumstances demonstrates such).

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/2/2019*