J-S43001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CHRISTOPHER WILLIAMS | : | |
| Appellant | : | No. 636 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 9, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002852-2019

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 11, 2024**

Christopher Williams appeals from the judgment of sentence of three and one-half to seven years of incarceration imposed following his conviction for persons not to possess a firearm. We affirm.

The trial court offered the following summary of the facts in this case:

> Probation Officer Justin Tancredi (hereinafter "[Officer] Tancredi") testified that on January 29, 2019, he and his partner, Probation Officer Daniel Miller (hereinafter "[Officer] Miller"), executed a search warrant on Appellant's home at 5602 Baynton Street. Appellant answered the door with an unknown woman and informed the officers his bedroom was the first room on the third floor. Other occupants on the second floor were escorted to the main level prior to the search of Appellant's room.
>
> The probation officers proceeded to the third floor and entered the first room. The bedroom was unusually cold, revealing an open window with a ripped screen. [Officer] Tancredi checked the area outside the gaping window and recovered a shoebox from the twigs and debris, near the window ledge on the roof that contained a firearm and one shoe. [Officer] Tancredi

passed the gun to [Officer] Miller to clear the weapon and Appellant was placed in custody.

The parties stipulated [that Officer] Daniel Miller would testify the recovered firearm was an operable [Fabrique Nationale] FNP 40 semi-automatic pistol with a silver slide and seven live rounds in the magazine. There was an additional stipulation to Appellant's statutory ineligibility to possess a firearm due to a prior disqualifying conviction.

Trial Court Opinion, 4/16/24, at 2-3 (citations to the record omitted). Upon this evidence, the trial court, sitting as the factfinder, convicted Appellant of persons not to possess a firearm. The court imposed the above-refenced sentence on June 9, 2023.

Following a timely PCRA petition, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc* on February 27, 2024. Appellant filed the notice of appeal the following day and complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant presents the following question for our review: "Was the evidence sufficient to sustain a conviction as to 18 Pa.C.S. § 6105 §§ A1, Possession of a Firearm Prohibited, a felony of the second degree?" Appellant's brief at 4. Specifically, Appellant argues that the evidence is insufficient to prove beyond a reasonable doubt that Appellant constructively possessed the firearm recovered from his residence. *Id*. at 10.

We begin our consideration of Appellant's question mindful of the following principles:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Reed*, 216 A.3d 1114, 1119 (Pa.Super. 2019) (internal quotation marks omitted).

Appellant was convicted of possession of a firearm in violation of 18 Pa.C.S. § 6105, which provides,

A person who has been convicted of an [enumerated] offense . . ., within or without this Commonwealth, regardless of the length of sentence . . . shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

As previously noted, Appellant assails the element of possession, which "can be found by proving actual possession, constructive possession, or joint constructive possession." *Commonwealth v. Bowens*, 265 A.3d 730, 741

- 3 -

(Pa.Super. 2021) (*en banc*) (quoting **Commonwealth v. Parrish**, 191 A.3d 31, 36 (Pa.Super. 2018)).

Instantly, the Commonwealth presented evidence of constructive possession, which our Supreme Court outlined thusly:

> Where possession is an element of the offense, the concept of constructive possession is a legal fiction used to prove the element although the individual was not in physical possession of the prohibited item. The evidence must show a nexus between the accused and the item sufficient to infer that the accused had the power and intent to exercise dominion and control over it. Dominion and control means the defendant had the ability to reduce the item to actual possession immediately, or was otherwise able to govern its use or disposition as if in physical possession. Mere presence or proximity to the contraband is not enough. Constructive possession can be established by inferences derived from the totality of the circumstances.

*Id*. (quoting **Commonwealth v. Peters**, 218 A.3d 1206, 1209 (Pa. 2019)).

In arguing that the Commonwealth presented insufficient evidence to demonstrate his intent to exercise dominion and control over the pistol, Appellant challenges the aspects of constructive possession relating to his knowledge of its location and his access to it. We address these components *seriatim* and, for the reasons discussed *infra*, we find that the Commonwealth adduced sufficient evidence to prove beyond a reasonable doubt that Appellant exercised dominion and control over the handgun discovered on the windowsill of the bedroom that he acknowledged as his own.

The location where the contraband is discovered is material to inferring constructive possession. "An accused may be charged with the knowledge of the location of the contraband, which is essential to the proof of an intent to

exercise control, if the contraband is found in places peculiarly within the control of the accused." ***Commonwealth v. Gilchrist***, 386 A.2d 603, 605 (Pa.Super. 1978) (quoting ***Commonwealth v. DeCampli***, 364 A.2d 454, 456-57 (Pa.Super. 1976)). In other words, if contraband is found in a peculiar location over which a defendant has unique control, the inference may be made that he knew of the contraband's existence.

Peculiar places are those highly personal and exclusive to the person who would typically limit or bar access to third parties. ***See Gilchrist***, 386 A.2d at 605; ***see also Commonwealth v. Smith***, 497 A.2d 1371, 1373 (Pa.Super. 1985) (insufficient evidence of constructive possession where the appellant's conviction rested solely on contraband found in the bedroom of the residence's owner which was not accessible to the appellant). Such places include bedrooms as opposed to common spaces such as kitchens. ***Compare Gilchrist***, 386 A.2d at 604-05 (sufficient evidence for constructive possession where contraband was found in the appellant's bedroom and dresser drawers) ***with Commonwealth v. Fortune***, 318 A.2d 327, 329 (Pa. 1974) (insufficient evidence of constructive possession where drugs were found on the kitchen floor, and thus more freely accessible to four others on the same floor of the residence than the appellant who was upstairs at the time of the search). Accordingly, the discovery of contraband in a defendant's bedroom provides sufficient grounds for the inference that he knew of the contraband's existence.

Such is the case here. First, sufficient evidence existed to find that the room at issue was Appellant's. He told Officer Tancredi that his room was "the first room on the third floor," which Officer Tancredi understood to be that room "right off the steps" on the third floor. N.T, Trial, 4/21/23, at 20, 23. This belief was reasonable and sufficed to find that the room was Appellant's exclusively. Contrary to Appellant's contentions, the officer was not required to corroborate Appellant's statement by investigating articles of clothing. Furthermore, while there was testimony that other people were present throughout the residence, the officers did not find anyone else inside the bedroom when they entered. *See id*. at 20-37. Since the Commonwealth is not required to preclude all possibilities of innocence and the evidence shall be reviewed in the light most favorable to it, the reasonable inference is that the bedroom was entirely Appellant's. Thus, given that knowledge of contraband may be inferred if it is discovered in a location "peculiarly within the control of the accused" such as a bedroom, sufficient evidence existed to find that Appellant knew of the firearm. *Gilchrist*, 386 A.2d at 605.

Next, as to the effect of Appellant's knowledge of the weapon, Appellant's reliance upon *Commonwealth v. Tine*, 292 A.2d 483 (Pa.Super. 1972) (*en banc*), is misplaced. In *Tine*, the police charged the defendant, who was among twenty-one people arrested, with drug possession where he was a guest in a mobile home and present in the living room while drugs were recovered in the kitchen. *Id*. at 484. He was convicted of the drug charge,

but this Court reversed the conviction. In so doing, we noted that the evidence was insufficient to find constructive possession where the only thing tying the defendant to the contraband was his possible knowledge of the presence of the drugs in the next room. We explained, "mere knowledge of presence does not establish possession or control of contraband drugs." *Id*.

The facts in the case at bar are distinguishable from *Tine*, however, insofar as Appellant was not merely a guest in the residence, and the firearm was not found in a common space like a kitchen. Instead, as previously discussed, Appellant resided at the home, and the firearm was recovered on the exterior windowsill of the room that Appellant identified to Officer Tancredi as his bedroom. Indeed, this case bears no resemblance to *Tine*.

Furthermore, there is no testimony that anyone was present inside the bedroom when Officer Tancredi entered. *See* N.T. Trial, 4/21/23 at 20-37. This distinction is material pursuant to our holding in *Gilchrist*, which deemed a bedroom to be a unique place in a residence that is personal to the individual and often guarded from easy access to guests, unlike common spaces such as kitchens and living rooms. *See Gilchrist*, 386 A.2d at 605. Therefore, we held that encountering contraband in a defendant's room sufficed to establish the defendant's knowledge of its existence. *Id*.

Furthermore, the discovery of the firearm outside the window of Appellant's bedroom evinced Appellant's intent to exercise control over it. Officer Tancredi testified that he easily retrieved the gun-containing shoebox

from immediately outside of the bedroom window. N.T. Trial, 4/21/23, at 21, 25-26. Given that constructive possession may be found "by inferences derived from the totality of the circumstances," this evidence sufficiently pointed to Appellant's dominion and control. **Bowens**, 265 A.3d at 741 (citation omitted). Phrased differently, when viewed in the light most favorable to the Commonwealth, the location of the firearm permitted the reasonable inference that Appellant exercised control by attempting to hide it in an easily accessible shoebox located within arm's reach outside the window.

Finally, we address Appellant's general contention that the Commonwealth's evidence was insufficient to prove his intent to exercise control over the firearm because: (1) other people were present throughout the house including the upper floors and had access to the residence; (2) the firearm was found outside the window; (3) officers did not corroborate Appellant's claim that it was his room; (4) Appellant answered the door almost immediately after officers knocked; and (5) there was no DNA evidence corroborating that the firearm was Appellant's. **See** Appellant's brief at 10-12.

Notwithstanding these assertions challenging the measure of the evidence relating to control, the Commonwealth is not required to preclude all possibilities of innocence. **See Reed**, 216 A.3d at 1119. Appellant's arguments that others had free access to the floors of the residence, that Appellant answered the door as soon as officers knocked, and that no DNA

was recovered on the firearm go to the weight of the evidence and implicate the possibilities of innocence, which the Commonwealth was not obliged to disprove. *Id*. As expounded upon *supra*, the totality of the circumstances permitted the trial court to find that a nexus existed between Appellant and the firearm, which he had both the ability and intent to exercise control over. We are not persuaded by Appellant's contrary protestations.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  12/11/2024