Commonwealth *v.* Tine, Appellant.

Argued April 11, 1972. Before WRIGHT, P. J., WAT-KINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Richard E. Myers,* for appellant.

*Henry A. Martin,* Assistant District Attorney, with him *John N. Scales,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 16, 1972:

Appellant was arrested on October 3, 1969, for violation of the Uniform Firearms Act, 18 P.S. 4628, and for possession of narcotic drugs, a violation of The Drug, Device and Cosmetic Act, 35 P.S. 780-1 et seq. This arrest was the result of a raid conducted by federal, state and local law enforcement officers.

Based upon information received from a confidential informant and prior surveillances, police officers obtained warrants for the search of two mobile homes owned by Anthony LaRocca and George San. The police raid resulted in the arrest of twenty-one persons who were either in the mobile homes or on the grounds surrounding the homes attending a pig and corn roast.

At the time of the raid appellant was a guest in the living room of the LaRocca mobile home. The raid uncovered quantities of marijuana and dangerous drugs in the bedroom and the kitchen, which adjoined the living room of the LaRocca trailer.

A motion to suppress the evidence seized in the raid was denied. Thereafter, appellant was tried and found guilty of the possession of narcotic drugs and not guilty of the Uniform Firearms Act violation.

Appellant contends that probable cause was lacking for the issuance of the search warrant used to search the LaRocca trailer, and that the search warrant was not properly executed. We do not have to decide these constitutional issues, however, as the evidence in this case was not sufficient to sustain a finding of guilt on the charge of possession of narcotic drugs.

The instant case cannot be distinguished from *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A. 2d 476 (1971). In *Tirpak*, the police officers entered the home of Ida Jane Jansama and arrested seven guests of Miss Jansama. These guests were discovered in the game room, where the police found an open jar containing marijuana and four butts of marijuana cigarettes. On these facts our Supreme Court held that the evidence was insufficient to find that the guests in the Jansama house were in possession or control of the drugs, and that, therefore, the guests could not be found guilty.[1]

---

[1] It should be noted that our Court in *Commonwealth v. Schulhoff*, 218 Pa. Superior Ct. 209, 275 A. 2d 835 (1971), held that even

In the instant case the Commonwealth concedes that appellant had no drugs on his person, that the contraband was found on a kitchen table, and that appellant was arrested in the living room of the mobile home. The Commonwealth, however, contends that the drugs were found on a table which could be seen from the living room and that therefore appellant could have had knowledge that the drugs were present in the trailer. It is apparent from our Supreme Court's holding in *Tirpak* that mere knowledge of presence does not establish possession or control of contraband drugs. Under the circumstances of the present case, appellant could not be found to have been in possession or control of the seized drugs.

Therefore, the judgment of sentence is vacated and appellant is discharged.

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of Judge McCORMICK.

if the appellant was co-lessee of an apartment in which drugs were found in the presence of four other people, the evidence would be insufficient to convict the co-lessee.