Commonwealth *v.* Santiago, Appellants.

Argued December 7, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*David Weinstein,* with him *Weinstein, Bobrin & Goss,* for appellants.

*Donald M. Moser,* with him *Lorch, Ryan, Peruto & Vitullo,* for appellants.

*Jeffrey A. Brodkin,* Assistant District Attorney, with him *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

Appellants contend that the trial court erred in finding them guilty of the crime of possession of heroin because the evidence produced at trial was insufficient to establish their possession of the drug beyond a reasonable doubt. In the alternative, appellants allege that the trial judge imposed an excessive sentence in committing appellants to prison for terms of two to five years.

On January 8, 1972, five police officers armed with a search warrant went to the home of Manuel and Sheila Santiago. Officer Ira Andrews knocked on the front door and announced his purpose and identity to Sheila Santiago who was leaning out of a second story window. Sheila called her husband Manuel Santiago to the window. The police officer repeated his announcement to Manuel more than once. When they

were not admitted, the officers broke down the front door and ran upstairs to the rear second floor bedroom where they found Manuel, Benjamin, Isidoro, and Sheila Santiago. As they entered the room, Sheila was in the act of throwing a bundle containing twenty-five packets of heroin out of the bedroom window. Seventeen other bundles, each containing twenty-five packets of heroin, were found on the bed in the middle of the room along with strainers, spoons, razor blades, hundreds of rubber bands, and hundreds of glassine packets. Two additional pouches containing another half pound of heroin were discovered under the bed. Manuel, Benjamin and Isidoro Santiago were sitting on chairs adjacent to and facing the bed. They were all within an arm's length of the contraband. There was also a record album cover bearing a residue or film of white powder directly in front of each of the appellants. The trial judge summarized the evidence as follows: ". . . according to police testimony, they were in the presence of a wholesale drug operation, and enterprise for the cutting and bagging of bulk heroin in distribution of smaller units to street drug peddlers. It was estimated that the 'street value' of the heroin in the plastic pouches alone exceeded $250,000.00."

We have carefully reviewed the testimony introduced during the trial and conclude that the evidence clearly establishes the guilt of appellants beyond a reasonable doubt on the charge of conspiracy to violate the old Drug, Device, and Cosmetic Act and on the charge of possession of heroin. The facts adduced by the trial court do not fit within the *Tirpak-Schulhoff*[1] rationale as the contraband involved herein was under the control of the appellants.

---

[1] *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A. 2d 476 (1971); *Commonwealth v. Schulhoff*, 218 Pa. Superior Ct. 209, 275 A. 2d 835 (1971).

The New Drug Act[2] applies to all cases not final as of June 14, 1972 which is the effective date of the act. Since the appellants were sentenced in October 1972, their cases were not final when the New Drug Act went into effect. Thus, appellants should have been sentenced under the New Act which states that an individual cannot be sentenced to more than one year in prison for possession of heroin provided that he has no prior convictions under the act. In light of this statute the sentence of two to five years imposed on appellants is illegal.[3]

---

[2] Act of April 14, 1972, No. 64, 35 P.S. §§780-101 to 780-143; repealing the Act of September 26, 1961 (P.L. 1664):

"Section 13. Prohibited Acts: Penalties

"(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . . .

"(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

. . . .

"(b) Any person who violates any of the provisions of clauses (1) through (20) of subsection (a) shall be guilty of a misdemeanor, and except for clauses (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding one year or to pay a fine not exceeding five thousand dollars ($5.000), or both and for clauses (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding five thousand dollars ($5,000), or both; but, if the violation is committed after a prior conviction of such person for a violation of this act under this section has become final, such person shall be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding twenty-five thousand dollars ($25,000), or both."

[3] If the appellants had been prosecuted under the New Drug Act, they could have been charged with possession with intent to manufacture or deliver which carries a sentence of up to fifteen years in prison and a $250,000 fine. The general language of the

We affirm the appellants' conviction and vacate the sentence of two to five years imposed on the appellants for possession of heroin. The case is remanded for sentencing consistent with this opinion and the New Drug Act.[4]

New Act, however, requires that appellants be sentenced as if they were charged with possession under the New Act.

[4] In *Bradley v. United States*, 410 U.S. 605, 12 CrLR 3198, the United States Supreme Court reached a different conclusion. *Bradley* is distinguishable from the instant appeal, however, because the Comprehensive Drug Abuse Prevention and Control Act of 1970 contains the following savings provision absent from the Pennsylvania Act: " 'Prosecutions for any violation of law occurring prior to the effective date of [the Act] shall not be affected by the repeals or amendments made by [it] . . . or abated by reason thereof.' " 410 U.S. at 608.