J-S43022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYSON EUGENE HARTZOG | |
| Appellant | No. 1678 MDA 2015 |

Appeal from the Judgment of Sentence August 31, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007847-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                **FILED JULY 15, 2016**

Appellant, Tyson Eugene Hartzog, appeals from the judgment of sentence entered after a jury convicted him of, among others, possession of a firearm by a prohibited person. Additionally, Appellant's court-appointed counsel, John M. Hamme, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

The following facts are essentially undisputed for purposes of this appeal. Police officers began to follow a maroon Chevrolet Impala after their license plate reader indicated that the vehicle's registration was expired. It was later determined that this indication was incorrect, but while watching the Impala, Officer Timothy Clymer recognized Hartzog as the driver, and

knew that there was an outstanding warrant for Hartzog's arrest. The officers proceeded to stop the Impala.

The officers verified that it was indeed Hartzog and placed him under arrest. At that time, Officer Clymer observed drug paraphernalia in plain view in the driver's side cup holder. After seizing the paraphernalia, Officer Clymer searched the rest of the vehicle, discovering various items of contraband, including a stolen firearm that was located under the front passenger seat.

Prior to trial, the trial court held a hearing on Hartzog's motion to suppress the items seized from the car based upon a lack of probable cause for the stop. At the end of the hearing, the trial court denied the motion, and the case proceeded immediately to trial. After the jury found Hartzog guilty, trial counsel moved to withdraw, citing a breakdown in the lawyer-client relationship.

The trial court subsequently permitted trial counsel to withdraw. However, upon Hartzog's request, trial counsel was re-appointed to represent Hartzog at the sentencing hearing. The trial court imposed an aggregate sentence of four to eight years of imprisonment. Attorney Hamme was subsequently appointed to represent Hartzog on appeal, and filed this timely appeal.

On appeal, Attorney Hamme has moved for permission to withdraw as counsel and has submitted an ***Anders*** brief in support thereof contending

that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id*. at 355 n.5 (citation omitted).

Counsel has substantially complied with the technical requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirms that he sent a copy of the *Anders* brief to Appellant, as well as a letter explaining that Appellant has the right to proceed *pro se* or the right to retain new counsel. Counsel has appropriately appended a copy of the letter to the motion to withdraw, as required by this Court's decision in *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005). *See also Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010).

Attorney Hamme sets forth one issue for our review in his *Anders* brief, and Hartzog, in his response to the application to withdraw, has set forth another. We first address the issue raised by Attorney Hamme.

The *Anders* brief identifies a challenge to the trial court's refusal to suppress the evidence seized from the vehicle Hartzog was driving. In particular, the brief states that Hartzog believes that the police officers did not have reasonable suspicion or probable cause to pull him over. Thus, he contends that the stop was unlawful, and the trial court erred in failing to suppress the evidence seized after the stop.

"Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Wallace*, 42 A.3d 1040, 1047-1048 (Pa. 2012) (citations omitted).

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citation omitted).

- 4 -

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." *Commonwealth v. Elmobdy*, 823 A.2d 180, 183 (Pa. Super. 2003) (citation omitted). However, the suppression court's conclusions of law, which are not binding on an appellate court, are subject to plenary review. *See Commonwealth v. Johnson*, 969 A.2d 565, 567 (Pa. Super. 2009).

The Fourth Amendment of the United States Constitution and Article 1, Section 8 of our Constitution protects citizens from unreasonable searches and seizures. *See In the Interest of D.M.*, 781 A.2d 1161, 1163 (Pa. 2001). Generally, the police must obtain a warrant to arrest a suspect in a public place. *See In re. R.P.*, 918 A.2d 115, 120 (Pa. Super. 2007). However, an officer may arrest a suspect without a warrant if the officer has probable cause to believe the suspect arrested has committed or is committing a criminal offense. *See Commonwealth v. Williams*, 568 A.2d 1281, 1286 (Pa. Super. 1990). "To determine whether probable cause exists to justify a warrantless arrest, we must consider the totality of the circumstances." *Commonwealth v. Clark*, 735 A.2d 1248, 1252 (Pa. 1999) (citation omitted). "Probable cause to arrest exists where the facts and circumstances within the police officer's knowledge … are sufficient in themselves to warrant a person of reasonable caution in the belief that an

offense has been committed by the person to be arrested." ***In re. R.P.***, 918 A.2d at 121 (citation and quotation marks omitted). "Probable cause must be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training." ***Id***. (citation and quotation marks omitted).

"It is well established that a warrantless search incident to a lawful arrest is reasonable, and no justification other than that required for the arrest itself is necessary to conduct such a search." ***Id***., at 1283 (citations omitted). "Consequently, any evidence seized as a result of a search incident to a lawful arrest is admissible in later proceedings." ***Id***. (citation omitted).

Here, the decision to stop Hartzog was based upon Officer Clymer's identification of Hartzog as the driver and his knowledge of an outstanding arrest warrant for Hartzog. ***See*** N.T., Suppression Hearing, 5/19/15, at 13-14. Hartzog argues that Officer Clymer could not have identified him as the observation occurred at night and the Impala had tinted windows.

First, we note that there is no evidence of record that the Impala's windows were tinted. In any event, this challenge is to the suppression court's credibility determinations. On appeal, we review such determinations with a deferential standard, as the hearing court can base its determination on more than the cold record before us on appeal. Hartzog is unable to articulate any basis for us to find an abuse of discretion in the suppresion

court's decision, and therefore we agree with Attorney Hamme that this issue is entirely without merit.

In his response to Attorney Hamme's application to withdraw, Hartzog argues that the Commonwealth failed to establish that he had constructive possession of the firearm found under the passenger seat of the Impala.[1] Preliminarily, we note that this is a challenge to the sufficiency of the evidence at trial.

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and

---

[1] Hartzog phrases his argument in terms of ineffectiveness of trial counsel in pursuing his omnibus pretrial motion. We observe that, generally, claims of ineffectiveness of counsel are presumptively reserved for collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). Hartzog has not complied with any of the requirements to qualify for unitary review. We therefore decline to address any argument based upon counsel's ineffectiveness. To the extent that Hartzog is arguing the sufficiency of the evidence to support the jury's verdicts, we will review the issue as part of our duty to address Attorney Hamme's application to withdraw.

> the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Helsel***, 53 A.3d 906, 917, 917-918 (Pa. Super. 2012) (citation omitted).

"Constructive possession is a legal fiction, which is invoked when actual possession at the time of arrest cannot be shown, but there is a strong inference of possession from the facts surrounding the case." ***Commonwealth v. Battle***, 883 A.2d 641, 644 (Pa. Super. 2005) (citations omitted), ***abrogated on other grounds by***, ***Commonwealth v. Jette***, 23 A.3d 1032 (Pa. 2011). Constructive possession has been defined as "conscious dominion," which has subsequently been defined as "the power to control the contraband and the intent to exercise that control." ***Commonwealth v. Walker***, 874 A.2d 667, 678 (Pa. Super. 2005) (citation omitted). "[C]onstructive possession may be established by the totality of the circumstances." ***Id***. (citation omitted). "Additionally, it is possible for two people to have joint constructive possession of an item of contraband." ***Commonwealth v. Hopkins***, 67 A.3d 817, 820-821 (Pa. Super. 2013) (citation omitted).

Dominion and control are not established, however, by mere proximity to the contraband, mere presence on the property where it is located, or mere association with others who control the contraband. ***See Commonwealth v. Naguski***, 299 A.2d 39, 40-41 (Pa. Super. 1972). "It is well settled that facts giving rise to mere 'association,' 'suspicion' or

'conjecture,' will not make out a case of constructive possession." ***Commonwealth v. Valette***, 613 A.2d 548, 551 (Pa. 1992) (citations omitted). "Pennsylvania courts have held that where another person has equal access to the area where illegal contraband or weapon is found, the defendant cannot be said to have either the power to control or the intent to control such contraband or weapon *per se*." ***Commonwealth v. Heidler***, 741 A.2d 213, 216 (Pa. Super. 1999) (en banc) (citing ***Commonwealth v. Chenet***, 373 A.2d 1107 (Pa. 1977) (finding no constructive possession because the contraband was found in an area equally accessible to a third party); ***Commonwealth v. Juliano***, 490 A.2d 891 (Pa. Super. 1985) (finding the evidence insufficient to conclude that appellant constructively possessed contraband when three other people had equal access to the area in which the contraband was found)). ***See also Commonwealth v. Armstead***, 305 A.2d 1 (Pa. 1973) (finding that mere presence in an automobile in which a weapon is found is not sufficient to prove possession of that weapon where there were other passengers).

However, the fact that the contraband is located in an area usually accessible only to the defendant may lead to an inference that he placed it there or knew of its presence. ***See Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa. Super. 1996). Furthermore, the fact that another person might have equal access and control to an object does not eliminate the defendant's constructive possession. ***See id***.

Here, Hartzog was the only person in the Impala when it was pulled over and searched. He was therefore the only person who had access to firearm. Furthermore, while Hartzog argues that the firearm may have been in the car for years, it was found on top of a digital scale, of a type that Officer Clymer opined was frequently used in trafficking illegal narcotics. Under these circumstances, the jury was entitled to infer that Hartzog had dominion and control over the weapon. This issue is meritless.

After examining the issues contained in the **Anders** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judge Jenkins joins the memorandum.

President Judge Gantman concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2016