J-S12037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTOINE WILLIAM DAYD, | : | |
| | : | |
| Appellant | : | No. 1082 MDA 2016 |

Appeal from the Judgment of Sentence January 26, 2016
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s):  CP-22-CR-0005196-2014

BEFORE:  PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 23, 2017**

Antoine William Dayd ("Dayd") appeals from the judgment of sentence imposed following his conviction of three counts of firearms not to be carried without a license, and one count each of possession of firearms prohibited, possessing instruments of crime, receiving stolen property, and fleeing or attempting to elude a police officer.[1]  We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal.  **See** Trial Court Opinion, 8/29/16, at 1-3.

Dayd filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Dayd raises the following issues for our review:

---

[1] **See** 18 Pa.C.S.A. §§ 6106(a)(1), 6105(a)(1), 907(a), 3925(a); 75 Pa.C.S.A. § 3733(a).

1. Whether the Commonwealth failed to provide sufficient evidence at trial to support the guilty verdict on the firearm[s] charges?

2. Whether the verdict was against the weight of the evidence presented at trial?

3. Whether [Dayd] is serving an illegal sentence pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013)?[2]

4. Whether the sentence received was excessive, as the trial court failed to put reasoning on the record for said sentence?

Brief for Appellant at 5 (capitalization omitted, issues renumbered, footnote added).

In his first issue, Dayd contends that the evidence was insufficient to convict him of the firearms charges; namely, firearms not to be carried without a license and possession of firearms prohibited. *Id*. at 10. Dayd asserts that the element of possession was not proven for either offense. *Id*. at 11. Dayd claims that there was no physical evidence tying him to the firearms, except his presence in the vehicle in which the firearms were discovered by police. *Id*. at 13. Specifically, Dayd argues that no fingerprints were found on the firearms; the firearms were not registered to him; he did not own the vehicle; and there was no evidence that the firearms were visible to him while he was driving the vehicle. *Id*.

---

[2] In *Alleyne*, the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155, 2163.

In its Opinion, the trial court addressed Dayd's first issue, set forth the relevant law, and concluded that the evidence was sufficient to convict Dayd of the firearms charges. *See* Trial Court Opinion, 8/29/16, at 3-5. We agree with the reasoning of the trial court and affirm on this basis as to Dayd's first issue. *See id*.

In his second issue, Dayd contends that the verdict was against the weight of the evidence presented at trial. Brief for Appellant at 14. Dayd asserts that the jury rendered a contradictory verdict, as it found him guilty of the firearms charges, but not guilty of the drug and paraphernalia charges. *Id*. at 15. Dayd claims that the inconsistent verdicts "shocked one's sense of justice," requiring reversal of his convictions. *Id*.

In its Opinion, the trial court addressed Dayd's second issue, set forth the relevant law, and concluded that the verdict was not against the weight of the evidence presented at trial. *See* Trial Court Opinion, 8/29/16, at 5-6. We agree with the reasoning of the trial court and affirm on this basis as to Dayd's second issue. *See id*.

In his third issue, Dayd contends that his sentence is illegal under *Alleyne*. Brief for Appellant at 17. Dayd asserts that it is unclear from the record whether he is serving a mandatory minimum sentence. *Id*. Dayd claims that "[n]othing was said on the record, nor did the sentencing guidelines indicate that any mandatories apply." *Id*.

In its Opinion, the trial court addressed Dayd's third issue, and determined that his sentence does not violate **Alleyne** because no mandatory minimum sentences were imposed. **See** Trial Court Opinion, 8/29/16, at 6. We agree with the reasoning of the trial court and affirm on this basis as to Dayd's third issue. **See id**.; **see also** N.T., 1/26/16, at 1-14.

In his final issue, Dayd contends that his sentence is excessive. Brief for Appellant at 16. Dayd acknowledges that the trial court had the benefit of a presentence investigation report ("PSI"), which the trial judge reviewed and incorporated into the record, but claims that the trial judge failed to state the reasons for imposing her sentence. **Id**. Dayd argues that, because the trial court failed to sufficiently state the reasons for his sentence on the record, Dayd's sentence must be vacated. **Id**. at 17.

Dayd's final issue challenges the discretionary aspects of his sentence. **See Commonwealth v. Smicklo**, 544 A.2d 1005, 1009 (Pa. Super. 1988) (holding that claims relating to statement of reasons requirements are treated as challenges to the discretionary aspects of a sentence). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see**

Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

In the instant case, Dayd filed a timely post-sentence Motion and a timely Notice of Appeal, and included in his appellate brief a separate Rule 2119(f) Statement. As such, Dayd is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. ***See Commonwealth v. Rhoades***, 8 A.3d 912, 916 (Pa. Super. 2010). Thus, we will proceed to determine whether Dayd has presented a substantial question for our review.

In his Rule 2119(f) Statement, Dayd states that, when imposing his sentence, the trial court failed to state the reasons for the sentence on the record. Brief for Appellant at 9. A claim that a sentencing court failed to state adequate reasons on the record for the sentence imposed has been held to raise a substantial question. ***See Commonwealth v. Krysiak***, 535 A.2d 165, 168 (Pa. Super. 1987).

Pursuant to 42 Pa.C.S.A. § 9721(b):

In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. . . . Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b).  Thus, the requirement that the trial court articulate its reasons for the sentence imposed is not discretionary, but mandatory. *See Krysiak*, 535 A.2d at 168.

However, the sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the PSI, thus properly considering and weighing all relevant factors.  *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009)

Our review discloses that, while the trial judge did not place on the record her reasons for imposing sentence upon Dayd, she indicated that she had ample opportunity to review the PSI and Dayd's prior record, and incorporated the PSI into the record.  *See* N.T., 1/26/16, at 6, 7.  Because the trial court clearly relied upon the PSI, and the sentence imposed was neither outside the applicable guidelines nor unreasonable, we conclude that the trial judge did not abuse her discretion and, thus, there is no merit to Dayd's sentencing claim.  *See Ventura*, 975 A.2d at 1135.[3]

Judgment of sentence affirmed.

---

[3] In his brief, Dayd also contends that the trial court should have taken into consideration the fact that Dayd has never received treatment for his addictions.  Brief for Appellant at 16.  However, this issue was not preserved for our review in Dayd's Rule 2119(f) Statement.  *See Commonwealth v. Feucht*, 955 A.2d 377, 384 (Pa. Super. 2008) (holding that any discretionary sentencing issue that is not raised in the Rule 2119(f) statement is waived on appeal).  Thus, we decline to address it.

J-S12037-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017

COMMONWEALTH OF PENNSYLVANIA  : IN THE COURT OF COMMON PLEAS
                                               : DAUPHIN COUNTY, PENNSYLVANIA
                                             :

              v.                         : 1082 MDA 2016
                                           : 5196 CR 2014
                                         :

ANTOINE DAYD                          : CRIMINAL APPEAL

## TRIAL COURT MEMORANDUM OPINION PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a)

Presently before the Superior Court of Pennsylvania is the appeal of Antoine Dayd

(hereinafter "Appellant") of this Court's June 8, 2016, order dismissing his Post Sentence

Motion.

### Procedural History

Appellant was arrested and charged with sixteen (16) criminal counts, including Persons

Not to Possess Firearms, Theft by Receiving Stolen Property, Carrying without a License,

Possession with Intent to Deliver, Possession of Instruments of Crimes, Fleeing and/or Eluding,

Unlawful Possession of a Controlled Substance, and Unlawful Possession of Drug Paraphernalia.

A jury trial was held October 26-28, 2015, and Appellant was found guilty on the charges of

Person Not to Possess, Theft by Receiving Stolen Property, Carrying without a License,

Possession of Instruments of Crimes and Fleeing and/or Eluding. He was found not guilty on the

PWI and Unlawful Possession charges.

Appellant was sentenced on January 26, 2016, to an aggregate sentence of 8 to 16 years

of incarceration with two years of state supervision. He was represented at trial and sentencing

by Gary Kelley, Esq., Attorney Kelley filed a post-sentence motion on February 2, 2016. On

February 5, 2016, Jennifer Tobias, Esq., was appointed as counsel. Briefs were ordered and filed

and this court dismissed the post sentence motion on June 8, 2016.

## Factual Background

At approximately 3 a.m. on August 22, 2014, Officer Matthew Corby of the Swatara Police Department, while on patrol in his marked police vehicle, observed a car that had its registration light burnt out and potentially matched the description of a stolen vehicle. (Notes of Testimony, Jury Trial, Oct 26-28, 2015[1], pp. 44-45.) Therefore, Officer Corby ran the license plate numbers, which delivered a report indicating that the registration was expired, but the car was not stolen. (*Id*. at 45). The car was registered to one of the occupants, co-defendant Calvin Hill-Gamble. (*Id*. at 100). Subsequently, Officer Corby engaged his fully marked patrol car's lights and sirens; after about half a mile of pursuing this vehicle, the vehicle came to a stop. (*Id*. at 46-48). Upon the vehicle's hasty stop, the three occupants within the vehicle attempted to escape through the driver's side rear passenger door as well as the front passenger-side door. (*Id*. at 52). Officer Corby immediately commanded the occupants to remain in the vehicle with their hand up. (*Id*.). Unfortunately, one occupant escaped via the driver's side rear passenger door and the front seat passenger climbed into the driver's side rear passenger seat and escaped. (*Id*. at 52). The only remaining occupant, who had been the driver, later identified as Appellant, was arrested by Officer Corby. (*Id*. at 53, 56).

Appellant was arrested and Mirandized. (*Id*. at 59). Upon peering through the rear seat window, Officer Corby observed a clear bag in the backseat cup holder containing a "white chalky substance" which he recognized as crack cocaine and a black plastic bag on the floor behind the driver's seat. (*Id*. at 61). Upon further search of the vehicle, the police found 20 bags of heroin in the front passenger door and in the black bag behind the driver they found three

---

[1] Hereinafter "N.T."

firearms, three ski masks, a pair of binoculars, and another plastic bag that contained several boxes of ammunition. (*Id.* at 62-63).

The guns and ammunition were fingerprinted, but no prints were lifted. (N.T. at 99).

## Appellant's Statement of Matters Complained of on Appeal

- The evidence was not sufficient to warrant a guilty verdict on the Firearms charges.
- The verdict of guilty (Firearms charges) was against the weight of the evidence.
- The sentence the Appellant received was excessive, and no reasoning was put on the record as to the sentence.
- The sentence the Appellant received was illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013)

## Discussion

Appellant makes both a sufficiency of the evidence and weight of the evidence claim.

While a challenge to the weight of the evidence concedes sufficient evidence existed to sustain

the jury's verdict, we find it prudent to address both claims. *See Commonwealth v. Hunter*, 2001

PA Super 38, 768 A.2d 1136 (2001). We will first address the sufficiency claim.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Commonwealth v. Karkaria, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. Commonwealth v. Santana, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Chambers, 528 Pa. 558, 599 A.2d 630 (1991).

*Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000)

In this case, Appellant contends that the evidence was not sufficient to warrant a guilty

verdict on the firearms charges as "possession" as not proven.

Pursuant to the Suggested Standard Jury Instruction (Criminal) 15.6105 "PERSONS NOT TO POSSESS, USE, MANUFACTURE, CONTROL, SELL, OR TRANSFER A FIREARM" For a person to "possess" a firearm, he or she must have the intent to control and the power to control the firearm." This precise language was used in instructing the jury. (N.T. at 435-436).

Possession can be actual possession, constructive possession or joint constructive possession. *See Commonwealth v. Gladden*, 445 Pa.Super. 434, 665 A.2d 1201 (1995), *appeal denied*, 544 Pa. 624, 675 A.2d 1243 (1996); *Commonwealth v. Magwood*, 371 Pa.Super. 620, 538 A.2d 908 (1988), *appeal denied*, 519 Pa. 653, 546 A.2d 57 (1988); *Commonwealth v. Naguski*, 223 Pa.Super. 301, 299 A.2d 39 (1972).

> 'When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession....' *Commonwealth v. Haskins*, 450 Pa.Super. 540, 677 A.2d 328, 330 (1996), *appeal denied*, 547 Pa. 751, 692 A.2d 563 (1997). 'Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control.' *Commonwealth v. Kirkland*, 831 A.2d 607, 610 (Pa.Super.2003), *appeal denied*, 577 Pa. 712, 847 A.2d 1280 (2004) (citing *Commonwealth v. Macolino*, 503 Pa. 201, 469 A.2d 132 (1983)). '[T]wo actors may have joint control and equal access and thus both may constructively possess the contraband.' *Haskins, supra* at 330. 'The intent to exercise conscious dominion can be inferred from the totality of the circumstances.' *Kirkland, supra* at 610.

*Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa.Super.2005).

We agree with Appellant that very little testimony was dedicated to the element of "possession" and certainly we cannot contend that Appellant *per se* had either the power to control or the intent to control a weapon where another person has equal access to the area. However, Officer Corby testified that Appellant was the driver of the vehicle, the guns were obviously within his reach as they were just behind his seat. Further, there were three occupants

of the vehicle, three guns, three masks and several sets of gloves. It is a reasonable inference that each occupant of the car had the intent to control and power to control the firearms. Further pursuant to *Jones supra*, it is possible for two or more actors to have joint constructive possession. Again, the totality of the circumstances fits with the Commonwealth's argument that the bag contained "the tools of the trade." Each occupant was to control at least one firearm over the course of events. Appellant was the driver and did not stop immediately upon being hailed by police. He drove a little ways into an apartment complex and the other occupants fled, leaving him stuck in the car.

We believe there was sufficient evidence to prove the element of "possession" beyond a reasonable doubt.

Next Appellant challenges the verdict as being against the weight of the evidence. Specifically, he alleges that there were inconsistencies in the testimony and evidence presented and that an inconsistent verdict shocks one's sense of justice.

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in testimony or because the judge on the same facts would have arrived at a different conclusion.... Trial judges ... do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice."
> *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751–52 (2000) (citations omitted). We "may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice."
> *Burns*, 765 A.2d at 1150.

*Commonwealth v. Hunter*, 2001 PA Super 38, 768 A.2d 1136 (2001).

The credibility of witnesses is for the finder of fact (in this case the jury) which is free to believe all, none or part of the evidence and to assess the credibility of the witnesses. *Commonwealth v. Treiber*, 874 A.2d 26 (Pa. 2005).

We must note that consistency in verdicts is not necessary.

> "[I]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal." *Commonwealth v. Petteway*, 847 A.2d 713, 718 (Pa.Super.2004) (citations omitted). Rather, "[t]he rationale for allowing inconsistent verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment." *Commonwealth. v. Miller*, 441 Pa.Super. 320, 657 A.2d 946, 948 (1995) (citations omitted). "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity. Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict." *Petteway, supra.*

*Commonwealth v. Frisbie*, 2005 PA Super 430, ¶ 6, 889 A.2d 1271, 1273 (2005)

We cannot use an inconsistent verdict, such as the one here, to overturn the verdict. We can infer from the fact that he was found not guilty on all charges related to drugs that the jury was not convinced beyond a reasonable doubt that Appellant was involved in drug sales that night. We have no way of knowing which element of those crimes they felt was not proven beyond a reasonable doubt. There is still enough evidence, as discussed above, to warrant a guilty verdict on the firearms charges. We admit to finding the verdict curious, but not shocking to our sense of justice. Inconsistent verdicts are a jury's prerogative.

Lastly, there was no reference at sentencing to mandatory minimums which are illegal under *Alleyne*. The sentencing guidelines do not indicate that mandatory minimums were utilized. Thus we do not believe that he was sentenced pursuant to any mandatory minimum.

However, Appellant's complaint regarding the lack of reasoning put on the record as to sentence recognized as true. We failed to put a sufficient statement on the record for our sentence.

For this reason we ask the Superior Court to vacate the sentence and remand for new sentencing.

Respectfully submitted:

_____
Deborah E. Curcillo, Judge

Dated: ____8/29/16____

*Distribution:*
The Superior Court of Pennsylvania *Cert. Mail*
Hon. Deborah E. Curcillo *QQ*
Kristie Falbo, Esq., Dauphin County District Attorney's Office *IO*
Jennifer Tobias, Esq., PO Box 365, Stewartstown, PA 17363 *Mail*