J-S19025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID BARRETT, | : | |
| | : | |
| Appellant. | : | No. 1570 EDA 2018 |

Appeal from the Judgment of Sentence, May 14, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0000014-2016.

BEFORE: LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:  **FILED JUNE 07, 2019**

David Barrett appeals from the judgment of sentence entered after the trial court found him guilty of knowingly and intentionally possessing a controlled substance by person not registered.[1]  Upon review, we affirm.

The facts are fully set forth in the trial court's opinion.  Briefly, we note that Barrett's conviction arose out of an undercover investigation for the sale of narcotics at an abandoned house on 839 Hutton Street, Philadelphia, Pennsylvania.  After a confidential informant acquired drugs at the subject property, and the police conducted additional surveillance of activity at the house, a search warrant was executed.  Upon entering the house, Barrett and a woman were found in the living/dining room.  Near Barrett's feet, the police found a plastic container with three bags of crack cocaine.  Barrett was

_____

[1] 35 P.S. § 780-113(a)(16).

_____

* Retired Senior Judge assigned to the Superior Court.

arrested and charged with manufacture, delivery or possession with the intent to manufacture or deliver, intentional possession of a controlled substance by person not registered, and use/possession of drug paraphernalia.

Following a bench trial, the court found Barrett guilty of knowingly and intentionally possessing a controlled substance by person not registered; he was found not guilty of the remaining charges. Barrett was sentenced to one (1) year reporting probation.

Barrett timely appealed. The trial court and Barrett complied with Pa.R.A.P. 1925.

On appeal, Barrett raises a single issue:

I. Whether there was sufficient evidence to convict Barrett of actual or constructive possession of a controlled substance where the substance was not found on Barrett's person, where Barrett was a guest in the house, where Barrett did not have dominion or control of the property and where at least one other person was found in the immediate area where the substance was found on the floor.

*See* Barrett's Brief at 6.

In reviewing a claim based upon the sufficiency of evidence, this Court:

must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances

proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." ***Commonwealth v. Scott***, 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." ***Id.*** "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013).

Barrett was convicted under 35. P.S. § 780-113(a)(16), which prohibits:

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113. Barrett claims there was insufficient evidence to establish that he possessed, either actually or constructively, the crack cocaine found near his feet. In support of this, Barrett argues that he did not have requisite control over the crack cocaine; he was only a guest at the house; and there was another person in the room where the substance was found. As a result, there was insufficient evidence to support his conviction for intentional possession of a controlled substance.

Possession of a controlled substance can be found by "proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 26 (Pa. Super. 2018) (citation

omitted) *appeal denied*, 202 A.3d 42 (Pa. 2019). Where contraband is not found on a defendant's person, the Commonwealth is required to establish that the defendant had constructive possession of the seized items to support his convictions. **See Commonwealth v. Brown**, 48 A.3d 426, 430 (Pa. Super. 2012).

Considering the totality of the circumstances, the trial court concluded that "the facts of this case support a finding of constructive possession." Trial Court Opinion, 8/13/18, at 4. Upon our review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we agree the evidence was sufficient to convict Barrett.

With respect to constructive possession, this Court has noted:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013) (citations omitted). Here, there was sufficient evidence to show that Barrett had conscious dominion, i.e., the ability and intent to control, the crack cocaine.

In reaching its conclusion, the trial court explained:

> [Barrett] was in the house at the time the police searched the premises. After a brief knock and announce, the drugs were found a mere couple of inches away from [Barrett's] feet. [Barrett], nor any other occupant of the house, would have time to move either

him/herself, or the drugs, given the short knock and announce. The drugs were solely accessible by [Barrett] given the close proximity to his feet. This [was sufficient] to establish control by [Barrett] over the drugs.

Trial Court Opinion, 8/13/18, at 5. Barrett argues proximity is not the sole determinative factor. However, where contraband has been found within the reach of a defendant, as it was here, our Court has concluded that there was sufficient evidence to find constructive possession. *See Commonwealth v. Samuels*, 340 A.2d 880 (Pa. Super. 1975); *Commonwealth v. Santiago*, 305 A.2d 378 (Pa. Super. 1973).

The trial court further reasoned:

Even though there was a female present in the room with [Barrett] at the time of search, the presence of another party does not negate [Barrett's] constructive possession. The drugs were found in the living room where both [Barrett] and the female were found; however, the drugs were found ***next*** to [Barrett's] feet and ***the female was on the other side of the living room*** . . . ."

Trial Court Opinion, 8/13/18, at 5 (additional emphasis added). Barrett is correct that, "[t]he fact of possession loses all persuasiveness if persons other than the accused had equal access . . . to the place in which the property was discovered . . . ." *Commonwealth v. Davis*, 280 A.2d 119, 121 (Pa. 1971) (quoting 9 J. Wigmore, Evidence (3d ed.) § 2513 (1940)). However, here, the female who was in the room with Barrett, was across the room from where the crack cocaine was found. Thus, she did not have equal access to it. Moreover, Barrett presented no evidence to suggest that the female had more immediate access to or dominion over the crack cocaine.

Furthermore, and importantly, evidence suggested that Barrett was aware of the existence of the crack cocaine. "[K]nowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession." *Parrish*, 191 A.3d at 37 (citations omitted). Here, the crack cocaine was in plain sight near Barrett's foot. Further, upon his arrest, Barrett stated, "those aren't mines" (sic) demonstrating that he was aware of the illegal, controlled substance, and had the intent to control it.

Contrary to Barrett's argument, whether Barrett was a guest or resident of the house, is not dispositive in this matter. Barrett's behavior in relation to the premises supports the conclusion that Barrett constructively possessed the crack cocaine. On two separate occasions, the police observed Barrett answer the door for multiple people, and decide whether to let them in. When he answered the door, Barrett surveyed the neighborhood, and looked up and down the street before shutting the door. He also locked the door right before the police entered the house. From this evidence, the factfinder could infer that Barrett exercised control over both the premises and its contents, including the crack cocaine. Control of the premises like an owner or lessee is indicative of possession. *See Commonwealth. v. Samuels*, 340 A.2d 880, 886 (Pa. Super. 1975). This evidence also showed that Barrett sought to protect the property. This too is indicative of possession. *See Commonwealth v. Sweitzer*, 177 A.3d 253, 259 (Pa. Super. 2017).

Considering all of the facts and circumstances in this case, and all reasonable inferences derived therefrom, viewed in favor of the Commonwealth as verdict winner, we conclude that the Commonwealth presented sufficient evidence to establish that Barrett had constructive possession of the crack cocaine. Thus, the Commonwealth proved the elements necessary to convict Barrett of knowingly and intentionally possessing a controlled substance.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/19